# Boit & McKenzie v. Maybin.

*Action to recover Damages for Breach of Agreement to deliver Cotton
in lieu of a Moneyed Debt.*

1. *Contract; when becomes complete.* — Where an order or proposal for the pur-
chase of guano is sent by letter to dealers in Georgia, who, in compliance there-
with, ship the guano on board the cars in that State consigned, as directed, to the
purchaser here, the contract of sale is complete in the State of Georgia.

2. *Same; validity of in Alabama.* — If valid by the laws of Georgia, such con-
tract will be enforced here; the buyer cannot avoid it because the guano was not
branded and inspected before sale under the inspection laws of Alabama.

3. *Charge as to ownership of cause of action; when erroneous.* — Until there is a
sworn plea putting in issue the plaintiff's ownership of a cause of action, founded
on a contract for payment of money, no issue can arise as to it, and a charge
authorizing a verdict against plaintiff if he is not the owner is erroneous.

4. *Price of thing sold, when worthlessness of not defence to action for.* — In the
absence of any warranty, fraudulent representation, or concealment, the worthless-
ness of the thing sold, or that it was of " no benefit " for the purpose for which it
was bought, is no defence to an action against the buyer for the price.

APPEAL from Circuit Court of Henry.

Tried before Hon. J. McCALEB WILEY.

The opinion states the case.


J. A. CLENDENNIN, for appellant. — The contract was
complete in Georgia, and the Alabama inspection laws have
nothing to do with the case. 1 Parsons on Contracts, 524;
*McIntyre* v. *Parker*, 3 Met. 207. Independent of this, a fair
construction of the inspection law of this State would prevent
its operation on this contract. There was no warranty, and
the failure of the guano to produce beneficial results was there-
fore entirely irrelevant. 2 Ala. 181; *Ricks* v. *Dillahunty*, 8
Port. 134.


W. C. OATES, *contra.* — The facts take this case out of the
influence of the case cited in 3 Metcalf. *Litchfield* v. *Falconer*,
2 Ala. 282; 19 Ala. 353. Our own Constitution and statutes
alone determine the public policy of this State. *Atwood's Heirs*

[Boit *v.* Maybin.]

v. *Beck*, 21 Ala. 615. No effort was made to comply with the Alabama inspection law. The act makes it highly penal to sell guano, no matter what device is, set up to escape the law, until proper inspection. If it can be avoided by the transaction here set up, all the evils it was intended to remedy remain unchecked. As the sale violated the provisions of that act, the contract sued on is void. 1 Parsons, pp. 380–2; 13 Ala. 21; 14 Ala. 23; 3 McLean, 214.

JUDGE, J. — The plaintiffs in the court below were dealers in the article of " sea-fowl guano," and their place of business was in the city of Savannah, in the State of Georgia. The defendant proposed to their agent in Alabama to purchase two tons of the guano, and by the verbal request of the defendant the agent transmitted to the plaintiffs an order for the same, with instructions to ship it to the defendant at Eufaula, Alabama, by railroad. The guano was shipped, pursuant to the order, and in due time was received by the defendant, who used it as a fertilizer. Subsequently, the agent of the plaintiffs took the obligation in writing of defendant to the plaintiffs, for the payment to them of the purchase-money, which obligation was executed in Alabama, and is the foundation of the present suit.

One defence to the action interposed by the defendant in the court below was, that the guano had not been inspected and branded before it was sold, by an inspector of fertilizers in the State of Alabama, pursuant to the provisions of the act of the legislature, approved March 1, 1871; and that therefore the sale was void, and that no action could be maintained for the recovery of the purchase-money, inasmuch as the act made it a penal offence, punishable by indictment, to sell any fertilizer within this State, which had not been inspected and stamped as required by the acts.

This act of the legislature, under the facts in evidence, had no application to this case; for, in legal contemplation, the contract was made in the State of Georgia. When a proposal to purchase goods is made by letter sent to another State, and is there assented to, the contract of sale is made in that State. *McIntyre* v. *Parks*, 3 Met. (Mass.) 207; 1 Par. on Con. 525.

The delivery of the guano on board of the cars at Savannah for shipment to the defendant, pursuant to his order, was a consummation of the contract of sale, and vested the title, on such delivery, in the purchaser, subject to the vendor's right, in a proper case, of *stoppage in transitu*.

The court erred therefore in refusing the charged asked, which asserted this proposition.

The court, at the request of the defendant, charged the jury

[Tucker *v.* Adams.]

in effect, that the plaintiffs could not recover, if the jury should believe from the evidence that the note or contract sued upon was not the property of the plaintiffs. This charge was erroneous because the interest of the plaintiffs in the cause of action was not put in issue by a plea verified by affidavit. Rules of Practice in Circuit Court, Rev. Code, p. 823 ; *Broadhead* v. *Jones*, 39 Ala. 96.

On the trial the defendant was introduced as a witness for himself, and was asked by his counsel if he had " received any benefit from the application of the guano." The witness answered that it had been of no benefit to him, but he " thought it was an injury, — as he did not get as good a stand as when he had used none." The question and answer were objected to by the plaintiffs, separately, and the court overruled each objection and the plaintiffs excepted. In thus ruling the circuit court erred. *Barnett* v. *Stanton & Pollard*, 2 Ala. 181 ; *Ricks* v. *Dillahunty*, 8 Porter, 134. No proof of warranty, fraudulent representation, or concealment was introduced or relied on.

For the errors we have pointed out, the judgment must be reversed and the cause remanded.